IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3231 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE[1], et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on filing no. 59, the Motion for a Preliminary Injunction and Temporary Restraining Order filed by the plaintiff, Mohamed A. El-Tabech, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). By June 30, 2005, the defendants shall file a separate response to filing no. 59.

    In the Eighth Circuit, a court must balance four factors (the "Dataphase factors") when determining whether to issue a TRO or preliminary injunction. The Dataphase factors are:

1. the threat of irreparable harm to the movant;
2. the balance between the harm to the movant and any injury that temporary injunctive relief would inflict on the nonmoving party should the injunction issue;
3. the likelihood of success on the merits; and
4. the public interest.

See, e.g., Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (*en banc*). The burden of proving that preliminary injunctive relief should be granted "rests entirely with the movant." Goff v. Harper, 60 F.3d at 520. "[F]or an injunction to issue 'a right must be violated' and ... 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.'" Id. at 521 (citation omitted).

    In the prison context, the availability of injunctive relief is limited by 18 U.S.C. § 3626, as amended by the Prison Litigation Reform Act ("PLRA"). 18 U.S.C. § 3626(a)(1)(A) states:

---

[1]Filing no. 60, the plaintiff's Motion to add Robert Houston as a party, is granted.

> (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

In addition, 18 U.S.C. § 3626(a)(2) states:

> (2) Preliminary injunctive relief.--In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

THEREFORE, IT IS ORDERED:

1. That filing no. 60, the plaintiff's Motion to add Robert Houston as a party, is granted;

2. That by June 30, 2005, the defendants shall respond to the plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (filing no. 59); and

3. That by July 15, 2005, unless a timely motion for extension of time is granted, the plaintiff may reply to the defendants' response.

Dated this 2nd day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge