IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3231 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 75, the Motion for Class Certification filed by the plaintiff, Mohamed A. El-Tabech; (2) filing no. 76, the plaintiff's Motion for Reconsideration of the Memorandum and Order of August 31, 2005; (3) filing no. 79, a letter from the plaintiff which the Clerk of Court has docketed as a Motion to Progress; (4) filing no. 80, the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction; (5) filing no. 93, a letter from the plaintiff which the Clerk of Court has docketed as a Motion for Ruling; (6) filing no. 98, the plaintiff's Motion to Extend All Dates in Order Setting Schedule for Progression of Case; (7) filing no. 99, the defendants' Objection to Motion to Extend Dates in Progression Order; (8) filing no. 100, the plaintiff's Motion for Leave To File Amended Complaint to Add Two Defendants; and (9) filing no. 102, the defendants' Objection to Motion to Amend Complaint and Add Parties. Pursuant to 42 U.S.C. § 1983, the plaintiff, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), has sued DCS employees in their individual and official capacities for monetary, declaratory and injunctive relief relating to conditions in segregation as well as claims of excessive force, retaliation and denial of First and Eighth Amendment rights.

1

In filing no. 75, the plaintiff moves to certify a class of "past, present, and future prisoners housed in solitary confinement under 'IM' status, and subjected to the cruel and unusual punishment through the conditions of confinement inflicted by the defendants." For several reasons, the motion must be denied. First, when he filed the motion, the plaintiff was proceeding pro se, and pro se parties may not serve as class representatives. See, e.g., Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). See also Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825, 831 (D. Minn. 1997).

Second, the plaintiff is now represented by counsel, but counsel has not renewed the motion. Even if his attorney did move to certify a class, the scope of the class as defined by the plaintiff in filing no. 75 is overly broad and vague. Also, the plaintiff has made no effort to apply the requirements of Fed. R. Civ. P. 23(a) to this case[1] or to identify which of the three kinds of classes pursuant to Rule 23(b) he advocates. Filing no. 75 will be denied.

In filing no. 76, the plaintiff asks for reconsideration of my Memorandum and Order of August 31, 2005 (filing no. 72) insofar as I dismissed his due process claim and his

---

[1] Fed. R. Civ. P. 23(a) requires the plaintiff to show that: 1. the class is so numerous that joinder of all members is impracticable ("numerosity"); 2. there are questions of law or fact common to the class ("commonality"); 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and 4. the representative parties will fairly and adequately protect the interests of the class ("adequacy").

claims against the medical defendants, i.e., Dr. Conley, Dr. Williams and Medical Director Dave Thomas. I adhere to my view expressed in filing no. 72 that the plaintiff's factual allegations against the medical defendants simply did not state a claim on which relief may be granted under the federal civil rights laws. Therefore, filing no. 76 is denied as to reinstatement of the claims against Dr. Conley, Dr. Williams and Dave Thomas.

However, filing no. 76 will be granted as to the plaintiff's due process claim. I note first, that the defendants have not objected to filing no. 76. Also, in deciding that the plaintiff had failed to allege a state-created liberty interest in light of the standards discussed in Wilkinson v. Austin, 125 S.Ct. 2384 (2005), and Sandin v. Conner, 515 U.S. 472 (1995), I stated in filing no. 72:

> [W]hile the plaintiff describes deplorable conditions of confinement in segregation, the length of time he has spent there, coupled with the severity of those conditions, is not yet "outside the ordinary realm of what is to be expected of prison life," and the placements in segregation have had no effect on the overall duration of the plaintiff's period of imprisonment. As a result, the plaintiff has not met the threshold test for a liberty interest created by state law, i.e., "an atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Because the plaintiff has no liberty interest arising under the Due Process Clause itself or arising under state law, he did not suffer a deprivation of liberty entitling him to the protections of the Due Process Clause. Therefore, the plaintiff's due process claims must be dismissed.

In filing no. 76, the plaintiff objects to my premise that his placement in segregation has "no effect on the overall duration of [his] period of imprisonment." Although the plaintiff is serving a life sentence, he contends that his "IM status" prolongs his sentence by rendering him ineligible for sentence commutation and thus parole. While I do not necessarily adopt the plaintiff's view, I reinstate the plaintiff's due process claim because it does not appear *beyond doubt* that he can prove no set of facts entitling him to relief. Conley v. Gibson,

355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). Whether he has a liberty interest entitling him to due process may be addressed in the context of a motion for summary judgment. Thus, filing no. 76 is granted in part and denied in part as set forth above.

Filing no. 79, docketed as a Motion to Progress, and filing no. 93, docketed as a Motion for Ruling, are granted insofar as the plaintiff requests attention to his pending motions. The requested action is provided by the entry of this Memorandum and Order.

In filing no. 80, the plaintiff moves for a temporary restraining order ("TRO") and preliminary injunction to redress the restrictions on his access to the courts and the denial of kosher meals. The plaintiff filed his motion before retaining an attorney, and the issue of denial of access to the courts appears to be moot. As for the kosher meals, I explained in connection with the plaintiff's previous Motion for a TRO that the courts within the Eighth Circuit engage in a balancing test of four factors (the "Dataphase factors") when determining whether to issue a TRO or preliminary injunction. The Dataphase factors are:

1. the threat of irreparable harm to the movant;
2. the balance between the harm to the movant and any injury that temporary injunctive relief would inflict on the nonmoving party should the injunction issue;
3. the likelihood of success on the merits; and
4. the public interest.

See, e.g., Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (*en banc*). The burden of proving that preliminary injunctive relief should be granted "rests entirely with the movant." Goff v. Harper, 60 F.3d at 520. "[F]or an

4

injunction to issue 'a right must be violated' and ... 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.'" Id. at 521 (citation omitted).  As I concluded in connection with the plaintiff's previous motion, I find on the basis of the parties' submissions that the Dataphase factors do not weigh in favor of pretrial relief for the plaintiff.  No threat of irreparable harm has been demonstrated if this case proceeds through discovery and, if appropriate, to trial in the ordinary course.  Filing no. 80 is denied.

Notwithstanding the defendants' Objections (filing nos. 99 and 102), I will grant filing no. 100, the plaintiff's Motion for Leave To File Amended Complaint to Add Two Defendants, and filing no. 98, the plaintiff's Motion to Extend All Dates in Order Setting Schedule for Progression of Case.   Accordingly, the plaintiff's Amended Complaint (attachment to filing no. 100) is accepted for filing instanter.  However, the plaintiff must also file the Amended Complaint as a new filing separate from filing no. 100.  I will request that Magistrate Judge F. A. Gossett issue an Amended Progression Order.

THEREFORE, IT IS ORDERED:

1.	That filing no. 75, the plaintiff's Motion for Class Certification, is denied;

2.	That filing no. 76, the plaintiff's Motion for Reconsideration, is granted in part and denied in part: i.e., the plaintiff's due process claim is reinstated; the plaintiff's claims against Dr. Conley, Dr. Williams and Medical Director Dave Thomas are not reinstated;

3.	That filing no. 79, the plaintiff's Motion to Progress, is granted;

4.	That filing no. 80, the plaintiff's Motion for TRO and Preliminary Injunction, is denied;

5.	That filing no. 93, the plaintiff's Motion for Ruling, is granted;

6. That filing no. 98, the plaintiff's Motion to Extend All Dates in Order Setting Schedule for Progression of Case, is granted; Magistrate Judge F. A. Gossett shall issue an Amended Progression Order;

7. That filing no. 99, the defendants' Objection to Motion to Extend Dates in Progression Order, is denied;

8. That filing no. 100, the plaintiff's Motion for Leave To File Amended Complaint to Add Two Defendants, is granted; the plaintiff's Amended Complaint (attachment to filing no. 100) is accepted for filing instanter, but the plaintiff must also file the Amended Complaint as a new filing separate from filing no. 100; and

9. That filing no. 102, the defendants' Objection to Motion to Amend Complaint to Add Parties, is denied.

DATED this 6th day of June, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge