IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3231 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 109, the defendants' Motion for Enlargement of Time to File a Response. The defendants request an extension until June 22, 2006 to respond to filing no. 103, the plaintiff's Motion for Protective Order and Return of Privileged Materials. The extension of time is granted.

The plaintiff alleges that privileged documents were seized from his cell during a shakedown or search of his cell. Filing no. 109 recites the efforts which the defendants and their attorneys are expending to satisfy the plaintiff and his attorney that any invasion of the plaintiff's rights or privileges, if any occurred, was inadvertent. However, the plaintiff is a prisoner in the segregation unit of a maximum security prison. He is serving a life sentence and has previously engaged in two escape attempts. Obviously, his cell is going to be subject to searches and shakedowns from time to time. On the other hand, as the defendants acknowledge, they do not have the right to read the plaintiff's privileged communications from his attorney. Therefore, the issue appears to be how to identify the plaintiff's privileged material so that privileged matter will be treated with some level of protection when the inevitable search or shakedown happens.

Initially I questioned why the plaintiff could not just place his protected papers in a paper bag marked "litigation material" or some such label. However, the defendants may have a justified concern that an unauthorized item could be placed in such a container, and it is certainly not for the court to declare any container in a prisoner's cell off limits from the kinds of searches which prison administrators are entitled to conduct to maintain security. So I suggest that the attorneys for the parties find some reasonable solution to the problem of how to identify the plaintiff's privileged materials during future cell searches.

Filing no. 109 is granted insofar as the defendants shall have the requested extension of time until June 22, 2006 to respond to filing no. 103. Instead of the requested in camera hearing, however, I direct the parties' attorneys to find some realistic and

reasonable solution to the problem of identifying the plaintiff's attorney-client privileged material for whatever level of protection such material is to be afforded in future searches of the plaintiff's cell.

    SO ORDERED.

    DATED this 12th day of June, 2006.

                              BY THE COURT:

                              s/ F. A. GOSSETT
                              United States Magistrate Judge