IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | |
| | ) | 4:04CV3231 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

This matter is before the court on plaintiff's Motion for Attorney Fees and Costs pursuant to 42 U.S.C. § 1988. Filing No. 191. This is a civil rights action, brought by a prisoner incarcerated in the Nebraska Department of Correctional Services. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the Constitution and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.* The plaintiff's Eighth Amendment cruel and unusual punishment claim was settled and the court dismissed El-Tabech's Fourteenth Amendment procedural due process claim on a motion for summary judgment.

El-Tabech's First Amendment and RLUIPA claims were tried to the court. The court found that El-Tabech's First Amendment right to the free exercise of his religion and RLUIPA rights had been violated by the NDCS's denial of access to a kosher diet and its refusal to post and reasonably accommodate his daily prayer schedule. Filing No. 179. The court ordered injunctive relief. *Id.*

Plaintiff seeks fees in the amount of $196,605.90 and taxable costs of $8,380.38, for a total of $204,856.28.[1] In support of the motion for attorneys' fees, plaintiff submits

———————————————

[1] Plaintiff also seeks leave to file a supplemental fee request following the defendants' full implementation of the court's order. The court finds that request should be granted.

(1) itemized and detailed contemporaneous time records and cost entries; (2) a summary and itemization of unrecoverable time; (3) the qualifications of counsel; and (4) affidavits from Lincoln, Nebraska, attorneys attesting to the reasonableness of the fees and costs sought by plaintiff.  Filing No. 193, Index of Evidence, Exs. 1-A, 1-B, 1-C,  Ex. 2, Affidavit of Jefferson Downing, Ex. 3, Affidavit of Pete Wegman.  In their affidavits, the local attorneys state that they are familiar with the pleadings, briefs, orders, and billing statements generated in the litigation, with the attorneys involved in the case, the reputations of those attorneys, the type and quality of work, and the Lincoln legal market. *Id.*  In support of his request for taxable costs, plaintiff submits an affidavit and documentation of costs actually incurred in the litigation.  *Id.*, Ex. 4, Affidavit of Gene Summerlin, attached Ex. A.

The defendant prison officials oppose the award.  They contend that the total hours expended on the litigation are excessive and unreasonable.  Defendants also argue that the time is not properly documented.  They also contend that the fees requested are not allowable in part because El-Tabech did not prevail on all of his claims.

The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee."  *See* 42 U.S.C. § 1988 (2007); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002).   A "prevailing party" is one who secures a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001); *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) (stating that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal

relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff").

Nevertheless, compensability is limited by the degree of a plaintiff's success in the case as a whole. *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). The Eighth Circuit has noted "the degree of [a plaintiff's] success is 'the most critical factor' in determining a reasonable fee award." *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005). There is "no precise rule or formula" for making fee determinations in cases with only partial success. *Hensley*, 461 U.S. at 436. Where "the court cannot separate out which hours were billed for which issues, [it] 'may simply reduce the award to account for the [plaintiff's] limited success.'" *Warnock*, 397 F.3d at 1026 (quoting *Hensley*, 461 U.S. at 436-37). Where the plaintiff prevails on some, but not all of the claims he asserts, the court may consider the significance of the issues on which the plaintiff prevailed and whether a public purpose was served or relief obtained that applied to others besides the plaintiff. *See, e.g., Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003).

Also, the prevailing party status extends to postjudgment work if it is a "necessary adjunc[t] to the initial litigation." *Jenkins by Jenkins,* 127 F.3d at 716. A district court may award fees to a prevailing party for reasonable postjudgment monitoring. *Cody,* 304 F.3d 774.

Because the plaintiff is a prisoner, his civil rights suit is also subject to the Prison Litigation Reform Act of 1996 ("PLRA"), which imposes special limitations on fee awards. 42 U.S.C. § 1997e(d)(1). To recover fees, the prisoner must be a prevailing party under 42 U.S.C. § 1988 and the fees must be directly and reasonably incurred in proving an actual violation of the prisoner's rights, must be proportionately related to the court-ordered

relief for the violation, or directly and reasonably incurred in enforcing the relief ordered for the violation and the hourly rate of the fee recovery must be no more than 150% of the Criminal Justice Act rates for court-appointed counsel.[2]  *See* 42 U.S.C. § 1997e(d)(1)(A) & (B).  *See also Martin v. Hadix,* 527 U.S. 343, 353, 360 (1999) (affirming a fee award under the PLRA for postjudgment monitoring, but reducing the award in accordance with PLRA's hourly rate cap).

In determining the amount of attorney fees, the court should consider these factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Hensley,* 461 U.S. at 430 n.3.  The starting point for determining the amount of attorney fees is the lodestar, which is determined by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

El-Tabech seeks compensation for a total of 1,460.8 hours of attorney work at the rate of $138.00 per hour.  The court has reviewed the time sheets and billing descriptions submitted by plaintiff and finds them sufficiently detailed.  The time records show that El-Tabech seeks remuneration only for work that directly relates to his First Amendment

---

[2]  The rate for court-appointed counsel in the Eighth Circuit is $92.00 per hour.  Thus, the highest hourly rate that can be recovered in this action is $138.00 per hour.

4

and RLUIPA claims. Time spent on unsuccessful claims, totaling 187.9 hours, has been identified and $24,651.90 has been subtracted from the fees requested. Because unrecoverable time has already been deducted for plaintiff's requested fees, there is no need for a percentage reduction in the amount of the award. Moreover, the court notes that the claims on which El-Tabech succeeded, his religious claims, were the heart of this litigation from the outset. The First Amendment and RLUIPA claims are interrelated–-El-Tabech's kosher diet claim being the central focus. The court also finds the hours expended on the litigation are reasonable in view of the complexity of the litigation, the importance of the issues and the quality of the attorneys' work. The action has been pending for more than three years, which included unrelenting resistance by the defendants. It involved extensive discovery, including a number of depositions, and several contested motions. It also involved trial preparation and a two-day trial as well as several post-trial disputes concerning the defendants' compliance with the court's order. In addition, the attorneys assumed a significant risk on nonrecovery and prisoner litigation cases are often regarded as undesirable.

Through this litigation, the plaintiff vindicated important constitutional rights. Significant and complicated constitutional issues and statutory issues were adjudicated and El-Tabech vindicated not only his own rights, but those of similarly situated prisoners. Accordingly, the court finds the requested fees are proportional to the meaningful benefit obtained.

Under the PLRA, the recoverable hourly rate is capped at $138.00. A reasonable hourly rate would exceed that amount for each of El-Tabech's attorneys. El-Tabech was represented by an AV rated law firm and all of his attorneys are highly qualified and

5

distinguished lawyers with excellent reputations.  In the marketplace, El-Tabech's attorneys charge between $150.00 and $212.00 per hour.  Based on the affidavits submitted by El-Tabech and on its own familiarity with rates for legal services in this community, the court finds that $138.00 per hour is a reasonable hourly rate.  Accordingly,

IT IS ORDERED:

1.   Plaintiff's motion for attorneys' fees and costs (Filing No. 191) is granted.

2.    Attorney fees in the amount of $196,605.90 are assessed in favor of plaintiff and against defendants.

3.   Costs in the amount of $8,380.38 are taxed in favor of a plaintiff and against defendants.

4.   A judgment in conformity with this memorandum and order will be entered this date.

DATED this 5th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

6