IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | |
| | ) | 4:04CV3231 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motion for contempt, Filing No. 205, and on plaintiff's objection to defendants' brief and evidence as untimely, Filing No. 217. The court first finds that plaintiff's objections to defendants' brief and evidence should be denied. The plaintiff has been afforded an opportunity to respond to the defendants' submission. Filing No. 222.

After a trial, this court found the defendants violated El-Tabech's right to freedom of religion when they denied El-Tabech reasonable access to a kosher diet and order the parties to determine the feasibility of several options to provide El-Tabech and other similarly-situated prisoners with kosher meals. Filing No. 179, Memorandum and Order at 5; Filing No. 182, Order. Pursuant to a stipulation, the court then entered an injunction ordering the defendants to implement the "Kosher Equipment and Meal Preparation Process" and to develop and implement protocols to ensure that the kosher process was adequate to provide nutritionally sufficient kosher meals and to allow independent verification that the kosher process met the defendants' stated commitment not to serve nonkosher food to El-Tabech. Filing No. 190, Order; Filing No. 187, Stipulation. The court

also ordered the defendants to post prayer schedules. Filing No. 179, Memorandum and Order at 6.

A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). At that point, the burden shifts to the contemnor to show an inability to comply. *Id.* "To show that compliance is presently impossible, the defendant must demonstrate: '(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply.'" *United States v. Santee Sioux Tribe of Nebraska*, 254 F.3d 728, 736 (8th Cir. 2001).

The plaintiff has presented evidence that, if credited, establishes that defendants have not fully complied with the court's injunction. *See* Filing Nos. 206, 207, 208 & 224, Indices of Evid. In response, the defendants have presented evidence that shows efforts to prevent violations of the kosher protocol, but indicating that they have not been effective in ensuring that staff comply with the protocols. *See, e.g.*, Filing No. 216, Index of Evid., Ex. 1, Affidavit ("Aff.") of Fred Britten at 5; Ex. 2, Aff. of Scott Busboom at 4: Ex. 4, Aff. of Jason Hurt at 1 (all stating that staff are required to treat inmates with dignity and respect and that any reports of staff misconduct are fully investigated and steps are taken to prevent further occurrences, but not indicating that any staff have been disciplined).

Defendants argue that "[t]hey have done everything they can to provide the Plaintiff with a nutritionally-adequate kosher meal." Filing No. 215, Defendants' Brief at 12. They contend that they cannot be found in contempt unless the plaintiff shows "that the actions

2

on which the motion for contempt is based were committed by defendants" and that "[t]he defendants may not be held liable under the theory of respondent superior unless it can be shown that they were deliberately indifferent or tacitly authorized the actions of their subordinates." *Id.* at 13.

Plaintiff proposes several solutions to ensure compliance.[1] The court finds it would benefit from oral argument to determine the sufficiency of defendants' effort to comply, to determine an appropriate sanction, if necessary, and to devise a procedure for future effective implementation of the court's injunction. Accordingly,

IT IS ORDERED:

1. Plaintiff's objection to defendants' brief and evidence (Filing No. 217) is overruled.

2. Plaintiff's motion for contempt is set for oral argument on **February 19, 2009, at 3:00 p.m.,** Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 12th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

[1] El-Tabech asks this court to order defendants to supply El-Tabech with a "nutritionally-sufficient kosher diet" that consists of either prepackaged kosher meals or prepackaged kosher foods available in the Tecumseh State Correctional Institution kitchen; to order compensation to El-Tabech for kosher food purchases from the canteen since the implementation of the current meal plan; to order defendants to immediately post and maintain a current Islamic prayer schedule that shows the time of each of the five required daily prayers outside plaintiff's cell door and refrain from disturbing El-Tabech during those times; and to award El-Tabech his reasonable attorney fees and costs in monitoring defendants' compliance and bringing this motion for enforcement of the court's orders. Filing No. 209, Plaintiff's brief at 18.