IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH, | ) | |
| | ) | 4:04CV3231 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's supplemental motion for attorney's fees in connection with his motion for contempt, Filing No. 233. This court found that plaintiff was entitled to fees in an earlier order. *See* Filing No. 228. El-Tabech seeks $73,360.20 in attorney's fees and $271.20 in recoverable costs for a total fee and cost award of $73,631.40. The defendants argue that the fee application seeks fees that are, in part, not recoverable because the plaintiff prevailed only on one of two issues presented in his motion for contempt and that the fees sought are excessive.

A successful civil rights plaintiff is "normally entitled to fees" under 42 U.S.C. § 1988. *Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002). A prisoner who prevails in a civil rights claim under 42 U.S.C. § 1983, is entitled to recover his fees subject to the provisions of the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(d). Fees are allowed for work undertaken by plaintiff's attorneys to monitor compliance with the court's orders and to enforce those orders and judgments that are a "necessary adjunc[t] to the initial litigation," and were directly and reasonably incurred in enforcing the relief ordered for the violation. *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997).

In support of the motion for attorney's fees, plaintiff has submitted itemized and detailed contemporaneous time records and cost entries as well as affidavits from Lincoln,

Nebraska, attorneys attesting to the reasonableness of the fees and costs sought by plaintiff. See Filing No. 234, Index of Evid., Ex. 1, Affidavit of Gene Summerlin ("Summerlin Aff."), Ex. A, billing statement; Ex. 2, Affidavit of Jefferson Downing; Ex. 3, Affidavit of Pete Wegman. The court has reviewed the plaintiff's application, affidavits and time sheets. The plaintiff has shown that he seeks a fee award only for work performed in connection with the issue on which he was successful—the kosher diet issue. *See id.*, Summerlin Aff. at 5. The plaintiff does not seek reimbursement of $15,360.60 in fees for post-judgment monitoring of plaintiff's prayer claims. *Id.* The court finds that the time expended on post-judgment monitoring, enforcement of the previous fee judgment, the motion for contempt, and the present fee application are reasonable in light of the defendants' conduct in this matter. Accordingly, the court finds El-Tabech is entitled to recover an additional $73,360.20 in attorney's fees and $271.20 in recoverable costs. The fees and costs are the product of a reasonable number of hours multiplied by a reasonable hourly rate and are fair, reasonable and customary within the Lincoln, Nebraska, legal market for the type of work provided to El-Tabech. Accordingly,

IT IS ORDERED:

1. Plaintiff's supplemental motion for attorney's fees (Filing No. 233) is granted.

2. Plaintiff is awarded an additional $73,360.20 in attorney's fees and $271.20 in recoverable costs.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of June, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

2