IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOHAMED A. EL-TABECH, | ) |
| | ) 4:04CV3231 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| HAROLD W. CLARKE, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' motion to stay execution of a judgment for attorney fees without posting a bond as required by Fed. R. Civ. P. 62(d), Filing No. 249.

On March 4, 2009, this court found the defendants in contempt of court. Filing No. 228, Order. On June 10, 2009, this court entered judgment against defendants awarding the plaintiff additional attorney fees of $73,360.20 and costs of $271.20. Filing No. 243, Order. The defendants appealed that order. Filing No. 246. Defendants move to stay execution of that judgment pending the appeal. The defendants contend that they are employees of the State of Nebraska and are indemnified by the State for actions and omissions occurring in the course and scope of their employment. They argue that the State of Nebraska is the judgment debtor in this case and cite a Nebraska statute for the proposition that no appeal bond or supersedeas bond "shall be required of the state, and the filing of notice signed . . . [the] Attorney General, or counsel for the state of intention to take such proceedings shall operate as a supersedeas of such judgment." Neb. Rev. Stat. § 25-21,213. The defendants contend that the State of Nebraska is entitled to the same stay of execution the state court would give and argue that a bond is not necessary

because "the State of Nebraska is financially capable of paying the judgment and will not skip out on its obligation if the appeal is not successful." Filing No. 249, Motion at 2.

The court entered an earlier order awarding fees and costs to the plaintiff. *See* Filing No. 204. Plaintiff has shown that although the defendants did not appeal that judgment, they did not pay the judgment until more than a year after it was entered. *See* Filing No. 251, Index of Evid., Ex. 1, Affidavit of Gene Summerlin at 2.

Under the federal rules, a party is entitled to a stay if a supersedeas bond is posted. Fed. R. Civ. P. 62(d). Alternatively, the party may move for the court to exercise its discretion to waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *see also* Fed. R. Civ. P. 62(g)(1). "When determining whether to waive the posting of bond, the district court considers several criteria: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon*, 866 F.2d at 904. Also, the district court has discretion to order a partially secured or unsecured stay if the judgment creditor's interest in ultimate recovery is not unduly endangered. *Federal Prescription Serv., Inc. v. American Pharm. Ass'n.*, 636 F.2d 755, 760-61 (D.C. Cir. 1980).

Under the federal rules, if a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give. Fed. R. Civ. P. 62(f). The judgment

in this action, however, is against an individual and not the State of Nebraska, and the Nebraska statute that provides that the notice of appeal operates as a "supersedeas of such judgment until the time that final judgment in the Court of Appeals or Supreme Court is rendered in the cause. . . ." has no applicability. Neb. Rev. Stat. § 25-21,213.

The purpose of Fed. R. Civ. P. 62(d) is to insure that the appellant will pay the judgment if it is affirmed on appeal. *Lightfoot v. Walker*, 797 F.2d 505, 506 (8th Cir. 1986). Because the defendants delayed paying this court's earlier judgment for attorney fees for more than a year, the plaintiff's ability to recover the judgment would be hampered by a stay. In light of the untenable positions that the State has taken in the course of this litigation, the court finds that the defendants should be required to post a bond for the full amount of the judgment.

IT IS ORDERED that the defendants' motion for a stay of enforcement of the judgment (Filing No. 249) is denied.

DATED this 16th day of October, 2009.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.