IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MOHAMED A. EL-TABECH | ) | |
| | ) | 4:04CV3231 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on remand from the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") and on the plaintiff's motion for attorneys' fees and costs after remand, Filing No. 270, and amended motion for attorneys' fees and costs after remand, Filing No. 278.

The amended motion renders the original motion moot. The plaintiff represents that the defendants have no objection to the filing of the amended motion, but they preserve their objections to the contents. Filing No. 278, Amended Motion at 5. Because the parties agree that no further briefing is necessary, the court considers the objections raised in connection with the original application are reasserted with respect to the amended application. *See id.*; Filing No. 275, Brief in Opposition.

In consolidated appeals filed by the defendants, the Eighth Circuit dismissed, as untimely, the defendants' appeal of this court's order finding the defendants in contempt. Filing No. 257, *El-Tabech v. Clarke*, Nos. 09-1554/2691, slip op. at 2 (8th Cir. August 13, 2010). However, the Eighth Circuit reversed the imposition of an enhanced interest rate as a remedy for the contempt. *Id.* at 8. The Eighth Circuit found that, although "extraordinary circumstances might justify a court increasing the rate prescribed in

§ 1961(a) to make its § 1988 award adequately compensatory," no such extraordinary circumstances justified departing from the [28 U.S.C.] § 1961(a) rate in this case. *Id.* at 10. The court's assessment of attorneys' fees in connection with the post-trial motions at issue were also reversed and the action was remanded to this court for proceedings consistent with the Eighth Circuit's opinion. *See id.* at 14.  The Eighth Circuit found that plaintiff's counsel spent what "seem[ed] . . . like an unreasonable and unnecessary amount of time to spend on the successful portion of the motion [for contempt]" and instructed this court to review that portion of the award. *Id.* at 13.  The Eighth Circuit also found that "it appears that 'the complexity of the issues [on which El-Tabech was successful] simply did not warrant the requested amount of 'lawyering.'" *Id.* at 14 (quoting *Quigley v. Winter*, 598 F.3d 938, 958 (8th Cir. 2010)).  The court also directed this court to address the issue of post-judgment interest, stating that the presumptive rate was set under 28 U.S.C. § 1961. *Id.* at 10.

In his original motion for attorneys' fees on remand, the plaintiff sought $106,835.70 in attorneys' fees and $935.40 in recoverable costs.  Filing No. 272, Plaintiff's Brief at 11. He sought recovery for work performed in connection with: (1) collection under the State Miscellaneous Claims Act; (2) the initial and supplemental fee applications; (3) the enforcement of kosher protocols; (4) the contempt proceedings; (5) the motion to dismiss the appeal of the contempt order; (6) the opposition to defendants' motion to stay execution on the judgment; (7) responding to the defendants' appeal of the supplemental attorneys' fees award and (8) the fee application on remand.  Filing No. 276, plaintiff's reply brief at 1.  In response, defendants argued that an award of $28,259.59 for attorneys' fees would be appropriate, arguing that the requested fees represented "excessive lawyering,"

2

were not justified in light of the plaintiff's degree of success, and were inconsistent with the Eighth Circuit's order on remand.  *See* Filing No. 275, Brief in Opposition at 8, 12-13, 18-34.  The defendants have no objection to the plaintiff's recovery of costs in the amount of $935.40.  *Id.* at 77.

The plaintiff has now filed an amended motion for attorneys' fees and costs, conceding that the recovery of certain fees he sought in the original application would not be consistent with the mandate of the Court of Appeals on remand.  The plaintiff now seeks fees in the amount of $73,209.67.  In accordance with the Eighth Circuit's opinion, the plaintiff has deducted 72 hours from the fees requested for enforcement of the kosher protocol as unrelated to the implementation of the protocol, thus reducing the amount of fees sought from $14,837.40 to $5,064.60.  Further, consistent with the Eighth Circuit's finding that the plaintiff "had all the information needed to obtain the relief granted by the court's March 4, 2009, order -- modifying the injunction to require defendants to provide only prepackaged kosher foods" as of May 2008, the plaintiff now seeks compensation only for work on the contempt motion that was performed before May 24, 2008, reducing the requested fees in connection with that work from $32,019.60 to $21,403.80.  Contending that the application of the foregoing produces a 43% reduction in attorneys' fees (from the approximately $46,000 originally awarded to approximately $26,000), the plaintiff then applied that percentage to the fees originally sought for work in connection with the initial and supplemental attorneys' fees motions and the appeal of the supplemental fees award, resulting in a request for fees of $23,174.02 in connection with those motions.  Because the Eighth Circuit determined that the fees sought for the preparation and briefing of the plaintiff's initial and supplemental fee applications should

3

be reduced to reflect the degree of success that the plaintiff obtained in connection with the post-trial motions, the plaintiff has reduced the fees sought for work on those motions by 43%, from $10,722.60 to $6,058.27.  Similarly, the requested fees for work defending against the defendants' appeal have been reduced from $30,323.00 to $17,120.37.  He argues that counsel's fees for work in connection with the motion to dismiss the defendants' appeal of the contempt order ($7,934.00); in opposing the defendants' motion to stay execution of the judgment ($5,035.50); on filing a claim under the Miscellaneous Claims Act ($1.093.60); and in preparing the fee application on remand ($8,568.75) are fully compensable since the plaintiff prevailed on those issues.

The court agrees with the plaintiff's methodology for implementation of the Eighth Circuit's mandate.  The court has reviewed the parties' submissions and finds that an award of $73,209.67 is appropriate.  The findings made by the Eighth Circuit result in an effective reduction of 43% for the degree of success obtained.  The plaintiff's methodology and calculations comport with the Eighth Circuit's remand order.  Time spent on unsuccessful claims has been subtracted from the fees requested.  There is no need for any further reduction in the amount of the award.

The court has reviewed the time sheets and billing descriptions submitted by the plaintiff and finds them sufficiently detailed. The time records show that the plaintiff seeks remuneration only for work that directly relates to the claims upheld by the Eighth Circuit. Further, based on its familiarity with the litigation, the court finds there was little or no "excessive lawyering" by the plaintiff's counsel. This case involved important Constitutional issues and was vigorously defended.  The court also finds that, once adjusted by 43%, the

4

hours expended on the post-judgment motions are reasonable in view of the complexity of the issues, the force of the defendants' opposition and the quality of the attorneys' work.

Under the PLRA, the recoverable hourly rate is capped at $138.00.  A reasonable hourly rate would exceed that amount for each of El-Tabech's attorneys.  El-Tabech was represented by an AV rated law firm and all of his attorneys are highly qualified and distinguished lawyers with excellent reputations.  Charges greatly in excess of $128.00 are reasonable for civil rights cases in this legal market.  Based on the court's familiarity with rates for legal services in this community, the court finds that $138.00 per hour is a reasonable hourly rate.  The fees and costs are the product of a reasonable number of hours multiplied by a reasonable hourly rate and are fair, reasonable and customary within the Lincoln, Nebraska, legal market for the type of work provided to El-Tabech.

An award of fees is ordinarily made to the plaintiff, however, the court has been informed that the plaintiff in this case has passed away.  Accordingly, the fees should be paid to plaintiff's counsel.

IT IS ORDERED:

1.  Plaintiff's motion for attorneys' fees and costs (Filing No. 270) is denied as moot.

2.  Plaintiff's amended motion for attorneys' fees and costs (Filing No. 278) is granted.

3.  Attorneys' fees in the amount of $73,209.67, plus interest at the legal rate under 28 U.S.C. § 1961 from and after this date, are assessed in favor of plaintiff and against defendants, payable to plaintiff's counsel.

3.   Costs in the amount of $935.40, plus interest at the legal rate under 28 U.S.C. § 1961 from and after this date, are taxed in favor of a plaintiff and against defendants, payable to plaintiff's counsel.

4.   A judgment in conformity with this memorandum and order will be entered this date.

DATED this 20th day of May, 2011.

BY THE COURT:


s/ Joseph F. Bataillon_____
Chief District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.